23-823-cv
Siano Enders v. Boone

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of July, two thousand twenty-four.

PRESENT:
> STEVEN J. MENASHI,
> EUNICE C. LEE,
> ALISON J. NATHAN,
> *Circuit Judges.*

_____

Camille J. Siano Enders,

> *Plaintiff-Appellee,*

> v.                                                              23-823

Jerry Boone, individually and as Commissioner of the New York State Department of Taxation and Finance, Honora Manion, individually and as Executive Deputy Commissioner of the New York State Department of Taxation and Finance,

> *Defendants-Appellants,*

**Mary Starr, individually and as Associate Director of Human Resources at the New York State Department of Taxation and Finance,**

        *Defendant.*

_____

FOR DEFENDANTS-APPELLANTS:      Barbara D. Underwood, Solicitor General, Victor Paladino, Senior Assistant Solicitor General, Kate H. Nepveu, Assistant Solicitor General, *for* Letitia James, Attorney General of the State of New York, Albany, NY.

FOR PLAINTIFF-APPELLEE:      Camile J. Siano Enders, pro se, Scotia, NY.

Appeal from an order of the United States District Court for the Northern District of New York (Sannes, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Camile J. Siano Enders, an attorney and former official with the New York State Department of Taxation and Finance, brought an action for First Amendment retaliation under 42 U.S.C. § 1983 against three Department officials—Jerry Boone, Honora Manion, and Mary Starr—after she was terminated from her position with the Department for allegedly campaigning for office during work hours. The district court granted summary judgment in Starr's favor but, as relevant here, did

2

not grant summary judgment to Boone and Manion on the basis of their qualified immunity defense. The district court clarified—but adhered to—that decision on reconsideration. *See Siano Enders v. Boone*, 658 F. Supp. 3d 70, 91–92 (N.D.N.Y. 2023), *adhered to on reconsideration*, 2023 WL 3020039, at \*2-4 (N.D.N.Y. Apr. 20, 2023). Boone and Manion appealed. We assume the parties' familiarity with the facts, procedural history, and issues on appeal.

## I

We begin by defining the scope of our jurisdiction. Orders denying a qualified immunity defense at summary judgment are immediately appealable under the collateral order doctrine. *See Bolmer v. Oliveira*, 594 F.3d 134, 140 (2d Cir. 2010). But our jurisdiction is circumscribed; "we may review immunity denials only to the narrow extent they turn on questions of law." *Id*. Thus, "a defendant who raises a qualified immunity defense 'may not appeal a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a "genuine" issue of fact for trial.'" *Royal Crown Day Care LLC v. Dep't of Health & Mental Hygiene of City of N.Y.*, 746 F.3d 538, 542 (2d Cir. 2014) (quoting *Johnson v. Jones*, 515 U.S. 304, 319-20 (1995)).

On the other hand, "there is appellate jurisdiction over that defendant's interlocutory appeal if the defendant 'contests the existence of a dispute or the materiality thereof as a matter of law, or contends that he is entitled to qualified immunity even under plaintiff's version of the facts.'" *Id*. (quoting *DiStiso v. Cook*, 691 F.3d 226, 239 (2d Cir. 2012)). "On a motion for summary judgment, a fact is material if it 'might affect the outcome of the suit under the governing law.'" *Id*. at 544 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "When ruling on a summary judgment motion, the district court must construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." *Dallas Aerospace, Inc. v. CIS Air*

*Corp.*, 352 F.3d 775, 780 (2d Cir. 2003).

## II

"When a plaintiff shows facts making out a violation of a constitutional right, a defendant may establish the affirmative defense of qualified immunity by demonstrating that (1) the right was not clearly established or (2) even if the right was clearly established, it was objectively reasonable for the [defendant] to believe the conduct at issue was lawful." *Elder v. McCarthy*, 967 F.3d 113, 131 (2d Cir. 2020) (internal quotation marks and citation omitted). Boone and Mannion do not dispute the first requirement—that the right was clearly established—and address only the second, arguing that no reasonable jury could conclude that they acted unreasonably.

Confining our review to the question presented, we conclude that the district court properly denied Boone and Manion qualified immunity at the summary judgment stage. Construing the pretrial record in the light most favorable to Siano Enders as the nonmoving party, there is a genuine factual dispute that bears on whether it was objectively reasonable for Boone and Manion to believe their actions were lawful.

"[W]here, as here, specific intent is actually an element of the plaintiff's claim as defined by clearly established law, it can never be objectively reasonable for a government official to act with the intent that is prohibited by law." *Reuland v. Hynes*, 460 F.3d 409, 419 (2d Cir. 2006) (internal quotation marks omitted). Therefore, if Boone and Manion intended to fire Siano Enders in retaliation for participating in a political campaign, their actions were objectively unreasonable. Boone and Manion argued before the district court, and argue again on appeal, that they believed that Siano Enders campaigned on Department time and that this was a legitimate reason for the firing. But even if there were a legitimate reason to fire Siano Enders, in order to avoid liability for First Amendment retaliation,

4

Boone and Manion would need to "show that [they] would have taken the same adverse action"—that is, they would have fired Siano Enders—"in the absence of the protected speech." *Anemone v. Metro. Transp. Auth.*, 629 F.3d 97, 114 (2d Cir. 2011) (quoting *Heil v. Santoro*, 147 F.3d 103, 109 (2d Cir. 1998)).

The district court did not err in its determination that Boone and Manion "ha[d] not met their burden of showing that a 'reasonable jury would have to find by a preponderance of the evidence' that they would have terminated [Siano Enders] even absent [her] protected speech—i.e., the 2016 campaign." *Siano Enders*, 658 F. Supp. 3d at 89 (quoting *Smith v. County of Suffolk*, 776 F.3d 114, 122 (2d Cir. 2015)). Nothing in the record suggests that Manion and Boone were required to fire an employee for campaigning during work hours; they had allegedly declined to do so on a prior occasion. *Cf. Royal Crown Day Care LLC*, 746 F.3d at 544-45 (concluding that the defendants could not show that they would have taken the same decision regardless of an impermissible motive when the defendants had the discretion not to take an adverse action). A jury could conclude that Manion and Boone acted with retaliatory intent and fired Siano Enders when they would not otherwise have done so. In such a case, they would not be entitled to qualified immunity. *Reuland*, 460 F.3d at 420.

\*   \*   \*

We have considered Boone's and Manion's remaining arguments, which we conclude are without merit. We affirm the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5